By the Court.—Allen, J.
The plaintiffs, judgment creditors of O’Maley, in pursuing their remedy against the lands alleged to have been fraudulently conveyed to the defendant, had the choice of three-several proceedings. They might have sold the premises by execution on the judgment, and left the purchaser, after his title should become perfect by a deed from the sheriff, to contest the validity of the defendant’s title, in an action of ejectment; or, secondly, they might have issued their execution and brought their .action to remove the fraudulent obstruction, and awaited the result of the action before selling the property ; or, thirdly, they had the right, upon the return of an execution unsatisfied, to bring an action in the nature of a creditor’s bill, to have the conveyance to-the defendant adjudged fraudulent as against their judgment, and the lands sold by a receiver or other officer of the court, and the proceeds applied to the satisfaction of the judgment as equitable interests and things in nature of a judgment debtor are reached and applied to the satisfaction of judgments against them.
Chautauqua Co. Bank v. White, 1 Comst., 236, is authority for the last mentioned course of procedure, and Chautauqua Co. Bank v. Risley, 19 N. Y., 369, holding that a creditor pursuing his remedy in that form is liable to lose the priority of his lien by judgment, and must take title subject to all liens existing *169 before the commencement of his action, makes it for the interest of the judgment creditors to pursue their remedy under their judgment, and by execution,, rather than by equitable action. The plaintiffs framed their complaint as in a creditor’s suit, and asked the appointment of a receiver, and a sale of the property, and the facts averred authorized the relief demanded.
But after the first trial of the action, and pending an appeal from the judgment, they issued an execution and advertised the property for sale, and a motion being made to set aside the execution upon some ground not disclosed, but evidently not for the reason that the two remedies were incompatible, it was agreed that no sale should be had until after the decision of the appeal. That judgment was reversed, and the-plaintiffs, relieved from their stipulation, then caused the property to be sold on their execution, and became-the purchasers for the full amount of their claim* From that time they seem to have treated the action as-brought and prosecuted to remove obstructions to their judgment and execution. If an execution in the hands of the sheriff was necessary to authorize the intervention of the court, that fact was not averred or proved, neither was any objection taken for the want of such averment and proof.
Whether the judgment being a lien, an execution was necessary to an action to remove a fraudulent obstruction and hindrance to its collection may be doubtful, but need not be decided (see Spear v. Wardell, 1 Comst., 144). The judgment of the referee upon the second trial was limited to a declaration and adjudication that the conveyance to the defendant was fraudulent and void as against the plaintiffs, and that their judgment was a lien upon the property described, and that judgment was affirmed by the supreme court and in this court. The defendant at no stage of the action objected that the judgment did not go far enough, in *170 that it did not direct or authorize a sale and application of the property to the satisfaction' of the judgment. She acquiesced in the form of the judgment, and only contested the main issue, which was as to the validity of her deed. It is not very apparent that she could have interposed an objection that would have availed her. If the deed under which she claimed was fraudulent, the judgment creditors of the fraudulent grantee had a legal as well as an equitable right to the benefit of their judgment and the fruits of their action, and were not bound to waive or abandon the lien of their judgment and substitute the equitable lien under their lis .pendens of a later date. Had the facts now relied upon been suggested upon the hearing of the appeal in this court the judgment would probably have been the same. The plaintiffs had a standing in court, and were entitled to the relief they obtained. If there was any incompatibility in pursuing their legal remedy, the latter should have been arrested or controlled to meet the exigencies of the judgment in this action. There was no fraud or legal irregularity in proceeding with the action, and, pending it, to sell the property upon execution. There is no evidence of intentional concealment of the sale, and the proceedings to acquire the title under it. The court below were not authorized upon the facts alleged to interfere with, and either modify or set aside the judgments of this court.
Thé order appealed from must be affirmed.
All the judges concurred except Church, Ch. J., not voting.